*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICOLE ANDREA WILLIAMS,

        Plaintiff-Appellant,

v

FAIRLAINE MEADOW LLC and THE HAYMAN COMPANY,

        Defendants-Appellees.

UNPUBLISHED
June 11, 2026
9:48 AM

No. 371436
Wayne Circuit Court
LC No. 23-005116-CK

Before: ACKERMAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Plaintiff Nicole Williams claims an appeal from the circuit court's order granting summary disposition in favor of defendants Fairlane Meadow LLC and The Hayman Company. Because we lack jurisdiction over this appeal of right, we dismiss the appeal.

In 2017, plaintiff first leased an apartment in a complex owned by defendant Fairlane and managed by defendant Hayman. In October 2022, she observed rats in her unit, ultimately vacated the apartment, and terminated her lease. She then sued defendants, but on May 24, 2024, the trial court granted defendants' motion for summary disposition. Plaintiff now seeks to appeal that decision.

"The time limit for an appeal of right is jurisdictional." MCR 7.204(A). Generally, a claim of appeal must be filed within 21 days after entry of the judgment or order appealed from. MCR 7.204(A)(1)(a). Here, the deadline for plaintiff's claim of appeal was June 14, 2024. Plaintiff did not file until June 25, which was 11 days late. In her jurisdictional checklist filed under MCR 7.204(C)(6), plaintiff asserted that her filing was a "[l]ate filing under

-1-

MCR 7.205(A)(4) as order was not received until 6/7/24." That rule, however, governs applications for leave to appeal, not claims of appeal.[1]

Under MCR 7.204(A)(3), when a trial court's judgment or order is not timely served on a party, the party may take a claim of appeal within 14 days of service so long as the claimed appeal is "accompanied by an affidavit setting forth facts showing that the service was" untimely. On July 1, this Court's Clerk's Office notified plaintiff that the statement in her jurisdictional checklist was "insufficient" and cited this rule for the pertinent requirements. On July 17, plaintiff filed an affidavit stating that her filing was timely "since it was filed less than 21 days after [her] attorney received it on June 7, 2024."

Defendants, as required by MCR 7.212(D)(2), briefed the jurisdictional issue and argued that this Court lacks jurisdiction. They are correct. Even assuming that service of the trial court's order was untimely and that MCR 7.204(A)(3) applies, plaintiff averred that she received the trial court's order on June 7. She therefore had 14 days from that date to file a claim of appeal, or until June 21. She filed on June 25. The claim of appeal is therefore untimely, and because the governing deadline is jurisdictional, this Court lacks jurisdiction over the appeal of right.

The appeal is dismissed for lack of jurisdiction.

/s/ Matthew S. Ackerman
/s/ Stephen L. Borrello

---

[1] Had plaintiff proceeded by application, initiating the appeal would have required compliance with the additional filing materials set forth in MCR 7.205(B), which are more demanding than those for a claim of appeal.